IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Mouses Lamah | | CHAPTER 13 |
| | Debtor(s) | |
| M&T Bank | | |
| | Moving Party | |
| vs. | | NO. 24-13666 AMC |
| Mouses Lamah | | |
| | Debtor(s) | |
| Scott F. Waterman | | 11 U.S.C. Section 362 |
| | Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. As of March 21, 2025, the post-petition arrearage on the mortgage held by Movant on Debtor's residence is **$6,675.05**. Post-petition funds received after March 21, 2025 will be applied per the terms of this Stipulation as outlined herein. The arrearage is itemized as follows:

| | |
|---|---|
| Post-Petition Payments: | December 2024 through March 2025 at $1,673.54 each |
| Suspense Balance: | ($19.11) |
| **Total Post-Petition Arrears:** | **$6,675.05** |

2. The Debtor shall cure said arrearages in the following manner:

    a). Within seven (7) days of the filing of this Stipulation, Debtor shall tender a lump sum cure payment of **$6,675.05**.

    b). Beginning with the payment due **April 2025** and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of **$1,673.54** (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

3. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default

with the Court and the Court shall enter an Order granting Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

5. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

8. The parties agree that a facsimile signature shall be considered an original signature.

Date: March 27, 2025

/s/ Denise Carlon
Denise Carlon, Esq.
Attorney for Movant

Date: April 8, 2025

/s/ Michael A. Cibik
Michael A. Cibik, Esq.
Attorney for Debtor

Date: April 9, 2025

/s/ Ann Swartz *for*
Scott F. Waterman
Chapter 13 Trustee

Approved by the Court this 25th day of April, 2025. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Ashely M. Chan